UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Timotheus Elijah Hemingway,    #311398, | ) | C/A No. 3:08-849-GRA-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT  AND RECOMMENDATION |
| v. | ) | FOR |
| | ) | PARTIAL SUMMARY DISMISSAL |
| | ) | |
| Florence County Detention Center, | ) | |
| Jacob Speights, | ) | |
| Wanda Ried, | ) | |
| M. James, | ) | |
| Michael Brown, | ) | |
| Joyce W. Brunsen, | ) | |
| Joey Norris, | ) | |
| Kenny Boone; and | ) | |
| M. Nagy, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Timotheus Elijah Hemingway (Plaintiff), proceeding *pro se*, brings this action pursuant to

42 U.S.C. § 1983.[1]  At the time Plaintiff filed this action, he was incarcerated at the Florence County

Detention Center, and he filed this action *in forma pauperis* under 28 U.S.C. § 1915.   In his

complaint, Plaintiff alleges use of excessive force and deliberate indifference to his serious medical

needs.  The complaint names Florence County Detention Center, Jacob Speights, Wanda Ried, M.

James, Michael Brown, Joyce W. Brunsen, Joey Norris, Kenny Boone, and M. Nagy as Defendants.

Under established local procedure in this judicial district, a careful review has been made

of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C.

§ 1915A, and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This

---

[1]Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d),
D.S.C., the undersigned is authorized to review such complaints for relief and submit findings
and recommendations to the District Court.

review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4ᵗʰ Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4ᵗʰ Cir. 1983).

As Plaintiff is a pro se litigant, his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. at 519; *Loe v. Armistead*, 582 F. 2d 1291 (4ᵗʰ Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4ᵗʰ 1978). Even under this less stringent standard, this *pro se* complaint is subject to summary dismissal as to Defendant Florence County Detention Center. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Discussion

In order to state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." 42 U.S.C. § 1983; *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law. Therefore, a defendant in a § 1983 action must qualify as a "person."

The Florence County Detention Center is a group of buildings or a facility. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. The Florence

County Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). The Florence County Detention Center is not a proper party defendant in this § 1983 action, and this case should be dismissed as to Defendant Florence County Detention Center.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case as to Defendant Florence County Detention Center *without prejudice* and without issuance and service of process for this Defendant. *See Denton v. Hernandez*, 504 U.S. at 25; *Neitzke v. Williams*, 490 U.S. at 319, 324-25; *Haines v. Kerner*, 404 U.S. at 519; *Brown v. Briscoe*, 998 F.2d 201, 202-04 & n.* (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d at 70; 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Process shall issue for service of the remaining Defendants.

Joseph R. McCrorey
United States Magistrate Judge

March 31, 2008
Columbia, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).