UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Timotheus Elijah Hemingway, #311398, ) | C/A No.: 3:08-cv-849-GRA-BM | |
| ) | | |
| Plaintiff, ) | **ORDER** | |
| ) | (Written Opinion) | |
| v. ) | | |
| ) | | |
| Florence County Detention Center, ) | | |
| Jacob Speights, ) | | |
| Wanda Ried, ) | | |
| M. James, ) | | |
| Michael Brown, ) | | |
| Joyce W. Brunsen ) | | |
| Joey Norris, ) | | |
| Kenny Boone; and ) | | |
| M. Nagy, ) | | |
| Defendants. ) | | |
| _____ ) | | |

This matter comes before the Court to review the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., filed on March 31, 2008.  Plaintiff originally filed a complaint pursuant to 42 U.S.C. § 1983.  The magistrate recommends that this Court dismiss the complaint as to Defendant Florence County Detention Center *without prejudice* and without issuance and service of process for this defendant.  For the reasons stated herein, this Court adopts the magistrate's recommendation.

Plaintiff brings this claim *pro se.*  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

Page 1 of  4

This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Plaintiff timely filed objections on April 8, 2008.

Plaintiff objects to the magistrate's dismissal of the Florence County Detention Center. Specifically, Plaintiff argues that "when I name the Florence County Detention Center as a defendant I [am] talking about the controlling authorities of the facility[,] the ones who are responsible[,] or the deciding factors of what is allowed or done here to me . . . ." (Plaintiff's Objections.) The Court informs the plaintiff that service of process will be issued with respect to the other named defendants in his complaint.

However, the Court will uphold the magistrate's recommendation that the Florence County Detention Center be dismissed, since a claim under § 1983 can only be brought against a "person". *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983). Since Plaintiff named the facility itself, the Court must dismiss it as a party. Plaintiff's objection is without merit.

After a review of the magistrate's Report and Recommendation, applicable case law, and the record, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the Report and Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT Defendant Florence County Detention Center be DISMISSED from the complaint *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

April  10  , 2008

Anderson, South Carolina

**[Notice of Right to Appeal on Following Page]**

## <u>NOTICE OF RIGHT TO APPEAL</u>

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**