UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Timotheus Elijah Hemingway, | ) | |
| | ) | C/A No.: 3:08-cv-00849-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Jacob Speights, Wanda Ried, M. James, | ) | |
| Michael Brown, Joyce W. Brunsen, Joey | ) | |
| Norris, Kenny Boone, and M. Nagy, | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter comes before the Court for review of the magistrate's Report and

Recommendation filed on January 13, 2009 made in accordance with 28 U.S.C. §

636(b)(1)(B) and Local Rule 73.02(B)(2)(d) (D.S.C.).  Plaintiff filed this action on March

10, 2008 pursuant to 42 U.S.C. § 1983.  Defendants filed a motion for summary

judgment pursuant to Rule 56 on July 18, 2008.  The memorandum in support was

filed on September 12, 2009.[1]  An order pursuant to *Roseboro v. Garrison*, 528 F.2d

309 (4th Cir. 1975), was issued by the magistrate on July 22, 2008.  Plaintiff filed

a response in opposition to the motion for summary judgment on August 22, 2008.

The magistrate now recommends granting Defendants' Motion for Summary Judgment

---

[1] The plaintiff objects to the filing of the memorandum after the filing of the motion.  However, Local Rule 7.04 states that the memorandum in support need only be "timely filed."  In addition, a copy of the memorandum was served on the plaintiff the day the motion was filed.

and dismissing the state claims *sua sponte*[2].  He also recommends denying the motion to strip Defendants of their immunities.  For the reasons stated herein, the Court adopts magistrate's recommendation.

## Background

The plaintiff is an inmate with the South Carolina Department of Corrections ("SCDC") housed at the Lee Correctional Institution in Bishopville, South Carolina.  In his complaint he alleges that Defendant Speights used excessive force against him and he received inadequate medical treatment.  The plaintiff states that he was beaten without provocation by Speights while his supervisors, Ried [sic] and James watched.  After the alleged beating, Lt. Brown and Nagy allegedly denied and delayed medical treatment.  He seeks damages in the amount of $350,000 and the establishment of a grievance system at the Florence County Department of Corrections.[3]

## Standard of Review

Plaintiff brings this claim *pro se*.  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow

---

[2]The plaintiff is not familiar with the term *sua sponte*.  The term means "on its own will or motion."  Blacks, 1424 (6th Ed. 1990).  The magistrate recommended that the court dismiss the claims on its own motion.

[3]Since the plaintiff has been moved from this institution, this issue is now moot.

for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Plaintiff timely filed objections to the Report and Recommendation on January 21, 2009. Plaintiff raises many objections but the Court will address only the objections to which the plaintiff has directed the Court to a specific error. The majority of the objections simply reargue the facts stated in the original complaint. Those conclusory statements do not trigger *de novo* review as they do not direct the court to incorrect law or facts. However, the Court will address the objection where the defendant claims he is suing the defendants in their individual capacity.

## Discussion

The plaintiff objects to the application of the qualified immunity defense for the government officials. He states "Defendants were sued in their individual capacity for loss, money and damages, violation of rights." [sic](Plaintiff's Objections P.6). When a state official is sued in his individual capacity, qualified immunity is a defense that may be available to that defendant. *Biggs v. Meadows*, 66 F.3d 56 (4th Cir. 1995). *See also Kentucky v. Graham*, 473 U.S. 159, 167 (1985). If the defendants were sued in their official capacity, defenses of sovereign immunity apply such as the immunity available under the Eleventh Amendment. *Graham*, 437 U.S. at 167. In evaluating whether a plaintiff has sued a defendant in his personal capacity or his official capacity, the Court may look to the relief sought and the nature of the claims. Since the plaintiff is seeking money damages for the alleged civil rights violations, he

sued the defendants in their individual capacity[4] as monetary relief is not available for an individual sued in his official capacity. *Biggs*, 66 F.3d at 61. The magistrate addressed the claims against the defendants in their individual capacity and properly found that the qualified immunity defense applied. The plaintiff's objection is without merit.

The plaintiff also raises new issues in page four of his objections to the Report and Recommendation. The court will not consider the new arguments. One purpose of the Magistrates Act is to allow magistrates to assume some of the burden imposed on the district courts to relieve these courts of unnecessary work. Allowing Plaintiffs to present one version of their case to the Magistrate, and then, because they were unsuccessful, present a new version and new argument to this Court frustrates this very purpose. The Magistrates Act was not intended to "give litigants an opportunity to run one version of their case past the magistrate, then another past the district court ." *Greenhow v. Secretary of Health and Human Servs.*, 863 F.2d 633, 638 (9th Cir.1988). Allowing parties, including pro se litigants, to raise new issues or arguments at any point in the life of a case will simply result in a needless multiplication of litigation. Parties should properly plead their claims and fully advance their arguments, at all stages of litigation, unless they are prepared to waive them.

---

[4]The plaintiff also sought injunctive relief against the defendants in their official capacity, however since the plaintiff has been transferred from one facility to another, the request for injunctive relief is in fact moot.

After considering Plaintiff's objections and the record in this case, this Court finds that the magistrate's Report and Recommendation accurately summarizes this case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment be GRANTED, Plaintiff's Motion for Summary Judgment be DENIED, and Plaintiff's Complaint be DISMISSED.

IT IS ALSO ORDERED that all other pending motions be dismissed as moot.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

February __6__, 2008
Anderson, South Carolina

NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.